**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BERNARD V. IDLISAN,**

                                              **Plaintiff,**

         **vs.**                                              **5:12-CV-1790**
                                                             **(MAD/TWD)**

**SUNY UPSTATE MEDICAL UNIVERSITY,**


                                              **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**BERNARD B. IDLISAN**
1402 Jefferson Avenue
1st Floor
Brooklyn, New York 11237
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**              **HEATHER R. RUBINSTEIN, ESQ.**
**STATE ATTORNEY GENERAL**              Assistant Attorney General
The Capitol
Albany, New York 12224
Attorneys for Defendant


**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

     Plaintiff commenced this action on December 5, 2012, alleging employment

discrimination, intentional infliction of emotional distress, and bribery resulting from Defendant's

refusal to hire him.  *See* Dkt. No. 1.  Following Plaintiff's application to proceed *in forma*

*pauperis*, Magistrate Judge Dancks undertook an initial review of the complaint.  Magistrate

Dancks issued a Report-Recommendation recommending that the Court dismiss certain claims

without leave to amend, dismiss other claims with leave to amend, and allow Plaintiff's claim

under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") to proceed against Defendant SUNY Upstate Medical University ("SUNY Upstate"). *See* Dkt. No. 3. By Order dated February 7, 2013, the Court adopted Magistrate Judge Dancks' Report-Recommendation. Dkt. No. 4.

Plaintiff thereafter timely requested leave to amend his complaint, *see* Dkt. No. 5, which request was granted, *see* Dkt. No. 8. In his amended complaint, Plaintiff did not replead any of the claims that were dismissed without prejudice. *See* Dkt. No. 15. Accordingly, the only remaining claim in this action is Plaintiff's Title VII claim against Defendant SUNY Upstate.

Currently before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12.[1] *See* Dkt. No. 19-1. Defendant asserts that Plaintiff's amended complaint fails to state a plausible Title VII claim. *See id.* at 7.[2]

## II. BACKGROUND[3]

Plaintiff's nation of origin is the Philippines, and he is Asian by race. *See* Dkt. No. 15 at 3. Plaintiff has prior work experience in clerical positions, *see id.*, and has received scores of ninety and eighty percent on Civil Service examinations for the positions of Hospital Patient Services Clerk and Nursing Station Clerk I, respectively, *see id.* at 6.

Plaintiff applied for a total of thirty-four clerk positions at SUNY Upstate during the period from February 2011 through January 2012. At least twenty-two of the positions were

---

[1] Although Defendant failed to specify under which subsection of Fed. R. Civ. P. 12 it brings this motion, the Court construes it as a motion to dismiss under Rule 12(b)(6).

[2] Citations to page numbers of documents identified by docket entry number are to the page numbers assigned by the Court's electronic filing system.

[3] The allegations in Plaintiff's amended complaint are substantially similar to those in his original complaint. The Court assumes the parties' familiarity with these allegations, as set forth in Magistrate Judge Dancks' Report-Recommendation.

filled by others.  None of the positions were offered to Plaintiff.  *See id.*

On March 5, 2012, Plaintiff filed a formal discrimination complaint with the New York State Division of Human Rights ("NYSDHR") alleging discrimination based upon his national origin and race.  The NYSDHR found no probable cause that SUNY Upstate had engaged in discriminatory conduct.  Plaintiff thereafter sent the Equal Opportunity Employment Commission ("EEOC") a request for review of NYSDHR's final determination, and on October 26, 2012, EEOC issued Plaintiff a right to sue letter.  *See id.*

## III. DISCUSSION

**A.      Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief and pleadings without considering the substantive merits of the case.  *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007); *Global Network Commc'ns v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption of truth, however, does not extend to legal conclusions.  *See Aschroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citation omitted).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient facts "to 'sho[w] that the pleader is entitled to relief[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted).  Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on

[their] face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the [ ] complaint must be dismissed[.]" *Id.* at 570.

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "'construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ.*, 287 F.3d, 138, 146 (2d Cir. 2002) (quotation omitted).

**B.     Title VII Claim**

Under Title VII, it is "an unlawful employment practice for an employer to fail or refuse to hire [ ] any individual [ ] because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e. In order to succeed on a Title VII employment discrimination claim, a plaintiff typically must demonstrate "(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). This showing is not required for a claim to survive at the pleading stage. *See id.* at 511. In fact, a Title VII claim simply requires

the "ordinary rules for assessing the sufficiency of a complaint." *Id.*

Plaintiff alleges that Defendant did not hire him, even though he met the qualifications for various clerical positions, because his nation of origin is the Philippines and his race is Asian. Plaintiff states that his national origin and race were made known to Defendant because they were listed on his resume and application history. *See* Dkt. No. 15 at 3-4. Plaintiff alleges that "[t]here is a misconception that Asians are not properly educated and don't speak fluent English which I perceived as one of the reasons why I was not hired by Defendant for the 34 positions I duly applied for." *Id.* at 3. Plaintiff has stated enough detail in his claim to survive a motion to dismiss. *See Idlisan v. New York State Dep't of Taxation and Finance*, No. 12-cv-1787, 2013 WL 2898050 (N.D.N.Y. June 13, 2013) (finding that Plaintiff had a pled Title VII claim sufficient to survive a motion for judgment on the pleadings based on substantially similar allegations to those here).

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  October 28, 2013
        Albany, New York

Mae A. D'Agostino
U.S. District Judge