UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BERNARD IDLISAN,

                                    Plaintiff,

                                                                         5:12-CV-01790

v.                                                                   (MAD/TWD)

SUNY UPSTATE MEDICAL UNIVERSITY,

                                    Defendant.
_____

APPEARANCES:                                                 OF COUNSEL:

BERNARD IDLISAN
Plaintiff pro se
1402 Jefferson Avenue, 1st Floor
Brooklyn, NY 11237


HON. ERIC T. SCHNEIDERMAN                       KEVIN M. HAYDEN, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## **REPORT-RECOMMENDATION**

       This pro se civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me by the Honorable Mae A. D'Agostino, United States District Judge, pursuant to 28 U.S.C. § 636(b). Currently pending before the Court is Defendant's motion pursuant to Federal Rule of Civil Procedure 37(d) to dismiss or strike the complaint as a sanction for Plaintiff's failure to attend his scheduled deposition. (Dkt. No. 49.) Plaintiff has not opposed the motion. For the reasons that follow, I recommend that the Court grant the motion and dismiss this action.

**I.     BACKGROUND**

In this action, Plaintiff Bernard Idlisan claims that Defendant SUNY Upstate Medical University failed to hire him because of his disability. (Dkt. No. 1.)

On August 28, 2014, the Court called both parties for a telephone conference and was unable to reach either party. (Dkt. No. 44.) Defense counsel's unavailability was the result of an unplanned absence from work due to family illness and subsequent death. (Dkt. No. 49-3 ¶ 3.) On the same day, the Court issued a Mandatory Pretrial Discovery and Scheduling Order. (Dkt. No. 45.) In that order, the Court granted Defendant leave to take Plaintiff's deposition. *Id*. at 3.

On September 30, 2014, Defendant served a deposition notice on Plaintiff. (Dkt. No. 49-4.) The deposition was scheduled for November 24, 2014, at the Attorney General's office in Syracuse, New York. *Id*.

On October 28, 2014, the Court conducted another telephone conference. (Dkt. No. 47.) Plaintiff could not be reached. *Id.*

Plaintiff failed to appear for his deposition on November 24, 2014. (Dkt. No. 49-4.) He did not contact defense counsel to advise that he would not appear. *Id*. On December 4, 2014, Defendant filed a status report noting Plaintiff's failure to appear for the deposition. (Dkt. No. 46.)

On December 15, 2014, the Court conducted another telephone conference. (Dkt. No. 47.) Again, Plaintiff could not be reached. *Id.* On the same day, the Court ordered Plaintiff to file a letter "regarding whether he intends to pursue his action" and to "provide his current address and telephone number to the court, and show good cause as to why the court should not recommend that this action be dismissed for failure to prosecute." *Id.*

On December 17, 2014, Defendant sent Plaintiff a second notice for a deposition. (Dkt. No. 49-4 at 5-6.) The deposition was scheduled for January 8, 2015, at 10:30 a.m. at the Attorney General's office in Syracuse, New York. *Id.* The day before the deposition, January 7, 2015, Defendant tried to contact Plaintiff to determine if he would appear at the deposition. (Dkt. No. 49-3 ¶ 20.) Plaintiff failed to appear for his deposition. *Id.* The court reporter charged defense counsel $150.00. (Dkt. No. 49-4 at 8.)

Defendant now moves to dismiss the action for Plaintiff's failure to appear at his deposition. (Dkt. No. 49.) Plaintiff has not opposed the motion.

On April 28, 2015, after an initial review of the motion, I ordered Plaintiff to reimburse Defendant for the $150.00 in expenses incurred as a result of Plaintiff's failure to appear for his deposition. (Dkt. No. 50.) The order advised Plaintiff that I would recommend denial of the motion to dismiss if Plaintiff complied with the order, but that I would recommend dismissal if Plaintiff did not comply. *Id.* Plaintiff did not comply with the order. Plaintiff has not made any contact with the Court since January 13, 2014. (Dkt. No. 42.)

## II. ANALYSIS

Defendant moves under Federal Rule of Civil Procedure 37(b) to dismiss the complaint as a sanction for Plaintiff's failure to appear at his properly noticed deposition. (Dkt. No. 49.) Under Rule 37(d), the court where the action is pending may, on motion, order sanctions if [] a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d). One available sanction is dismissal of the action. Fed. R. Civ. P. 37(b)(2)(v). A court may consider several factors when considering a motion to dismiss for failure to comply with discovery. *S. New England Tel. Co. v. Global NAPs, Inc.*, 624 F.3d 123,

144 (2d Cir. 2010). Those factors are: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the duration of the period of noncompliance; (3) whether the non-compliant party had been warned of the consequences of noncompliance; and (4) the efficacy of lesser sanctions. *Id.* Sanctions may be imposed against a pro se litigant "so long as a warning has been given that noncompliance can result" in a sanction. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

Regarding the first factor, "[n]on-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control. In addition, a party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault." *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (citations omitted). Here, the Court's orders were clear. There is no indication that Plaintiff did not understand the orders. Plaintiff has not advised the Court that his failure to appear at his scheduled depositions or his failure to pay the monetary sanctions were due to factors beyond his control. In addition to failing to appear for the depositions, Plaintiff has failed to appear for three telephone conferences set by the Court without providing any reason for not appearing. (Dkt. No. 47.) Plaintiff did not respond to defense counsel's phone call about appearing at the deposition or to the motion to dismiss. Accordingly, I find that Plaintiff's failure to appear at his deposition was willful. Therefore, this factor weighs in favor of dismissal.

Regarding the second factor, the duration of Plaintiff's non-compliance is lengthy. *See Aliki Foods, LLC v. Otter Valley Foods, Inc.*, 726 F. Supp. 2d 159, 180 (D. Conn. 2010) (dismissing complaint and characterizing one-year delay in complying with court order to

produce records as "extremely lengthy"); *State Farm Mut. Auto Ins. Co. v. Grafman*, 274 F.R.D. 442, 452 (E.D.N.Y. 2011) (dismissing case where "defendants' non-compliance span[ned] nearly the entire length of this seven-year litigation"); *Handwerker*, 211 F.R.D. at 210 (finding that failure to provide discovery or respond to proposed dates for deposition for "over nine months" weighed in favor of dismissal); *Nieves v. City of New York*, 208 F.R.D. 531, 536 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery responses for "more than two years" weighed in favor of dismissal); *Abreu v. City of New York*, 208 F.R.D. 526, 527 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery "for over a year" weighed in favor of dismissal); *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442 (W.D.N.Y. 1997) (finding that failure to respond to discovery for over a year weighed in favor of dismissal). Here, Plaintiff has not contacted the Court or taken any other actions to pursue this litigation for over sixteen months. Therefore, the second factor weighs in favor of dismissal.

Regarding the third factor, Plaintiff has been repeatedly warned of the possible consequences of non-compliance. (Dkt. Nos. 47 and 50.) Therefore, this factor weighs in favor of dismissal.

Regarding the fourth factor, the Court has previously imposed lesser sanctions on Plaintiff. As noted above, I ordered Plaintiff to reimburse Defendant for the $150.00 in expenses incurred as a result of Plaintiff's failure to appear at his deposition. (Dkt. No. 50.) Plaintiff did not comply with the order. Thus, this factor weighs in favor dismissal.

Weighing the factors with the special solicitude that must be granted to pro se litigants, dismissal is warranted in this case. Therefore, I recommend that the Court grant Defendant's motion to dismiss without prejudice.

**ACCORDINGLY**, it is

**RECOMMENDED** that the Court **GRANT** Defendants' motion to dismiss. (Dkt. No. 49.)

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: June 8, 2015
      Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge