**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**BERNARD B. IDLISAN,**

                            **Plaintiff,**

    **vs.**                                       **5:12-CV-1790
                                                                 (MAD/TWD)**

**SUNY UPSTATE MEDICAL UNIVERSITY,**

                            **Defendant.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**BERNARD IDLISAN**
1402 Jefferson Avenue
1st Floor
Brooklyn, New York 11237
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**        **KEVIN M HAYDEN, ESQ.**
**STATE ATTORNEY GENERAL**      Assistant Attorney General
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On December 5, 2012, Plaintiff commenced this *pro se* civil rights action claiming that Defendant SUNY Upstate Medical University failed to hire him because of his disability. *See* Dkt. No. 1. On February 7, 2013, the Court granted Plaintiff's motion to proceed *forma pauperis*. *See* Dkt. No. 4. On March 28, 2013, Magistrate Judge Dancks granted Plaintiff's motion to file an amended complaint and denied Plaintiff's motion for appointment of counsel. *See* Dkt. No. 8. On April 11, 2013, Plaintiff filed an amended complaint. *See* Dkt. No. 15. A few weeks later on April 29, 2013, Defendant filed a motion to dismiss. *See* Dkt. No. 19-1. On October 29, 2013, the Court denied Defendant's motion to dismiss. *See* Dkt. No. 30. Defendant then filed an

answer to Plaintiff's amended complaint on November 19, 2013 and subsequently on December 2, 2013, Plaintiff filed a motion for summary judgment. *See* Dkt. Nos. 34, 36. On August 7, 2014, the Court denied Plaintiff's motion for summary judgment. *See* Dkt. No. 43.

On February 6, 2015, Defendant filed a motion pursuant to Federal Rule of Civil Procedure 37(d) to dismiss or strike the complaint as a sanction for Plaintiff's failure to appear at his properly noticed deposition. *See* Dkt. No. 49-1 at 4-5. From August 2014 to April 2015, Plaintiff failed to appear at two scheduled depositions and three telephone conferences. *See* Dkt. No. 53 at 2-4. Further, Plaintiff failed to provide any explanation for his absence and failed to pay the Court ordered monetary sanctions. *See id.* at 4. Plaintiff has not made contact with the Court since January 13, 2014. *See* Dkt. No. 42.

In a Report-Recommendation, Magistrate Judge Dancks recommended that the Court dismiss this action without prejudice pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure for Plaintiff's failure to appear at his properly noticed deposition. *See* Dkt. No. 53 at 3, 5. Neither party objected to Magistrate Judge Dancks' Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Having reviewed Magistrate Judge Dancks' Report-Recommendation and the applicable law, the Court finds that Magistrate Judge Dancks correctly recommended that the Court should dismiss this action pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure for Plaintiff's failure to appear at his properly noticed deposition. Magistrate Judge Dancks properly

3

considered the relevant factors applicable to the pending motion in determining that the severity of Plaintiff's conduct warrants dismissal as opposed to some lesser sanction.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 14, 2015
Albany, New York

Mae A. D'Agostino
U.S. District Judge